**PORT ANGELES TELECABLE, INC.,**
Petitioner,

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

No. 22627.

United States Court of Appeals
Ninth Circuit.

Aug. 7, 1969.

Robert D. L'Heureux (argued), E. Stratford Smith, of Smith, Pepper, Shack & L'Heureux, Washington, D. C., for petitioner.

Henry Geller (argued), Gen. Counsel, John H. Conlin, Associate Gen. Counsel, William L. Fishman, Counsel F.C.C., Donald F. Turner, Asst. Atty. Gen., Howard E. Shapiro, Dept. of Justice, Washington, D. C., for respondents.

Paul Dobin, Roy R. Russo, Washington, D. C., for intervenor; Marcus Cohn, Washington, D. C., of counsel.

Before BROWNING and ELY, Circuit Judges, and VON DER HEYDT,* District Judge.

BROWNING, Circuit Judge:

This is a petition to review an order of the Federal Communications Commission denying Port Angeles Telecable, Inc.'s petition for waiver of the Commission's nonduplication rule. 47 C.F.R. § 74.1103(f).[1] We affirm.

With one exception, petitioner's arguments either were not presented to the Commission,[2] or have been rejected in United States v. Southwestern Cable Co., 392 U.S. 157, 88 S.Ct. 1994, 20 L.Ed.2d 1001 (1968); Total Telecable, Inc. v. FCC, 411 F.2d 639 (9th Cir. 1969); or Great Falls Community TV Cable Co., Inc. v. FCC, 416 F.2d 238 (9th Cir. 1969).

The sole unresolved issue properly before us is whether the petition stated grounds for waiver of the non-duplication rule.

Petitioner's cable television system carries the signals of eight television stations to approximately three thousand subscribers in Port Angeles, Washington. The signals are those of four Seattle stations, including KIRO-TV, a CBS affiliate; KVOS-TV, a CBS affiliate in Bellingham, Washington; and three Canadian stations.

Port Angeles lies within the predicted Grade A contour of KVOS-TV, the Bellingham CBS affiliate. KVOS-TV requested full protection against same-day duplication of its programming on petitioner's system, and petitioner, in turn, sought a waiver of the rule from the Commission.

We held in Total Telecable, Inc. v. FCC, *supra*, 411 F.2d at 643, that a petition for waiver should show: "(1) the economic effect of waiver on the local TV station * * * and (2) that in the petitioner's * * * case, nonduplication will have an unduly disruptive effect on its service."

---

* Honorable James A. von der Heydt, United States District Court for the District of Alaska, sitting by designation.

1. In material part, the rule provides: "Where a station is entitled to program exclusivity, the CATV system shall, upon the request of the station * * * refrain from duplicating any program broadcast by such station, on the same day as its broadcast by the station. * * *"

2. For reasons similar to those involved in Great Falls Community TV Cable Co. v. FCC, 416 F.2d 238 (9th Cir. 1969), we decline to review the contentions in this case upon which the Commission "has been afforded no opportunity to pass." 47 U.S.C. § 405.

The present petition for waiver alleges that a range of mountains "severely impedes" reception in Port Angeles of signals from stations in Seattle and other cities in the United States, but not those from KVOS-TV in Bellingham. It alleges that although Port Angeles is nearer Bellingham than Seattle in straight-line miles, it is nearer Seattle in terms of travel time and convenience; and, as a result, that the citizens of Port Angeles have "become dependent upon Seattle in all regards." It asserts that Seattle advertisers, but not those in Bellingham, cater to the Port Angeles market; and that petitioner's CATV subscribers "enjoy, desire and are dependent upon the signals from the Seattle stations; especially KIRO-TV." It alleges that compliance with the nonduplication rule would require petitioner to "delete substantial portions of the KIRO-TV programming; and, possibly, totally delete KIRO-TV from its system." Finally, the petition asserts that waiver of the rule "certainly" would not prejudice KVOS-TV, alleging that the non-network programming and advertising of KVOS-TV is aimed "for the most part" at that station's Canadian audience, that published figures indicate that KVOS-TV reaches many more Canadian than United States homes, and that KVOS-TV's network base hourly rate is $300.00 "whereas its Class AA rate is $650.00, which is obviously attributable to KVOS-TV's substantial Canadian audience."

The Commission denied the petition on two grounds. The first was that the allegations are conclusory and not supported by recitals of fact.

The Commission requires that waiver petitions "state *fully and precisely all pertinent facts and considerations* relied upon to demonstrate the need for the relief requested and to support a determination that a grant of such relief would serve the public interest." 47 C.F.R. § 74.1109(c) (1) (emphasis added); *see* Titusville Cable TV, Inc. v. United States, 404 F.2d 1187, 1190, 1192 (3d Cir. 1968).

The justification for this requirement is clear. The Commission reasonably anticipated a deluge of waiver requests from the large number of formerly unregulated CATV systems to which the new rules applied. It therefore formulated summary procedures to permit "expeditious processing of such requests" and announced that it would, "where possible, promptly dispose of the matter on the basis of * * * written submissions." Second Report and Order, 2 F.C.C.2d 725, 764 (1966). This procedure could be made effective only by requiring a high degree of specificity in the written submissions.[3]

As a survey of the petition in this case has shown, the allegations relevant to the critical issues are, for the most part, no more than bare, highly generalized assertions.

Petitioner argues that the Commission could have ordered a further written submission or other proceedings to cure the defect, and this is undoubtedly true. *See* 47 C.F.R. § 74.1109(f). However, for reasons already stated, we think the Commission could properly require individual petitioners to allege specific facts sufficient to establish a prima facie case for waiver in their initial written submission.

The Commission rejected the petition on a second ground as well: namely, that it did not allege, even generally, a prima facie case for waiver. We agree.

3. *Cf.* Rio Grande Family Radio Fellowship, Inc. v. FCC, 406 F.2d 664, 666 (D.C.Cir. 1968):
"When an applicant seeks a waiver of a rule, it must plead with particularity the facts and circumstances which warrant such action. The Commission staff must process annually thousands of applications. It cannot be expected to do research for applicants or to probe the underlying engineering or economic data to see whether they will support a greater claim than that made by experts or counsel. If the Commission staff were required to assume such a burden, little or nothing would be accomplished."

As the Commission stated, petitioner's allegations of injury to itself and to Port Angeles viewers "are not persuasive." Petitioner can continue to carry all of the non-network programming of KIRO-TV and the full schedules of the other three Seattle stations.[4] Since petitioner carries CBS network programs on the channel it allots to KVOS-TV, the only service which non-duplication withdraws from petitioner's subscribers is an unspecified amount of advertising by Seattle retailers which KIRO-TV transmits with these network programs. Thus a large majority of petitioner's Seattle programming, including the advertising by Seattle retailers which accompanies it, will still be available on petitioner's system. It is impossible to conclude that elimination of an unspecified but undoubtedly minor amount of Seattle advertising will substantially inconvenience Port Angeles viewers or unduly disrupt petitioner's CATV service.[5]

Petitioner also failed to carry its burden of showing that waiver would not prejudice KVOS-TV. Petitioner's allegations suggest no more than that KVOS-TV's American audience is substantially smaller than its Canadian audience and that the larger share of its income is dependent upon the existence of the latter. But as the Commission pointed out, the petition itself discloses that KVOS-TV's network base hourly rate is $300.00; and this rate depends entirely upon KVOS-TV's American audience for the very

programs which petitioner seeks to duplicate. It cannot be assumed that impairment of this source of income would not substantially affect KVOS-TV's net-profit position.[6]

The Commission's order is affirmed. The interlocutory injunction heretofore entered is vacated.

---

4. The record contains a suggestion that because KVOS–TV carries some NBC programming, petitioner may have to delete certain programs carried by NBC's Seattle affiliate KING–TV, but no point has been made of this possible limitation.

5. Other contentions made in this court by petitioner on this issue were not presented to the Commission, and we do not consider them. *See* note 2.

6. The Commission stated, in this connection, that duplication of KVOS–TV's programming would disrupt that station's audience in Port Angeles. Petitioner challenges this assertion as a finding of fact which is not supported by substantial evidence in the record. We do not so view it.

In both the First and Second Reports, the Commission made the general determination that unregulated CATV operations threatened to have "a substantial negative effect upon station audiences." Second Report and Order, 2 F.C.C.2d at 737. *See also* First Report and Order, 38 F.C.C. 683, 710–11 (1965). Absent any support for a different conclusion in petitioner's waiver application, the Commission could reasonably assume that a condition it has found to be true generally would also obtain in Port Angeles. Indeed, petitioner's allegations regarding the strong appeal of KIRO–TV to Port Angeles viewers supports the Commission's assumption.